IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
JUL 30 2019
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Action No. 3:11CR63–HEH |
| ) | |
| WINSTON SYLVESTER OLIVER, II, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
(Granting in Part and Denying in Part 28 U.S.C. § 2255 Motion)

Winston Sylvester Oliver, II, a federal inmate proceeding with counsel, filed this 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 216) arguing that his firearm convictions are invalid under *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1] The Government initially filed a Motion to Dismiss the § 2255 Motion contending that it is barred by the relevant statute of limitations. (ECF No. 220.) Thereafter, the Court ordered further briefing. In its most recent response, the Government concedes that in light of *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) and *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019), Oliver's firearm conviction in Count Two should be vacated. Nevertheless, the Government maintains that Oliver's challenge to his firearm conviction in Count Four lacks merit and should be dismissed. Oliver agrees that Count Two should be vacated, but has filed a Motion to Stay "pending decisions from the Fourth Circuit Court of Appeals in *United States v. Ali*, 4th Cir. No. 15–4433 and *United*

---

[1] For ease of reference, the Court refers to the offense of interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) as "Hobbs Act robbery."

*States v. Mathis*, 4th Cir. No. 16–4663(L), which will decide whether Hobbs Act robberies meet the force clause definition of 18 U.S.C. § 924(c)(3)(A)." (ECF No. 252, at 2.) For the reasons set forth below, Oliver's § 2255 Motion will be granted with respect to Count Two and denied with respect to Count Four. Oliver's Motion to Stay will be denied.

## I. Procedural History

On July 12, 2011, the Government charged Oliver by Superseding Indictment with: conspiracy to commit Hobbs Act robbery (Count One); using and carrying a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) and (2), to wit, the Hobbs Act conspiracy as charged in Count One (Count Two); attempting to commit Hobbs Act robbery (Count Three); using and carrying a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) and (2), to wit, the attempted Hobbs Act robbery charged in Count Three (Count Four). (ECF No. 62, at 1–6.) On September 14, 2011, a jury found Oliver guilty of the above charges. (ECF No. 101, at 1–3.) On January 19, 2012, the Court sentenced Oliver to 630 months of imprisonment on the above charges. (ECF No. 138, at 2.)

## II. Analysis

In *Johnson v. United States* 135 S. Ct. 2551 (2015), the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." *Id.* at 2563.[2] The

---

[2] The ACCA provides that

2

*Johnson* Court concluded that the way the Residual Clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" was unconstitutionally vague because the clause encompassed "conduct that presents a serious potential risk of physical injury to another," which defied clear definition. *Id.* at 2557–58 (citation omitted). Subsequently, in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that "*Johnson* announced a substantive rule [of law] that has retroactive effect in cases on collateral review." *Id.* at 1268.

In his § 2255 Motion, Oliver asserted that after *Johnson*, conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery could no longer qualify as crimes of violence under 18 U.S.C. § 924(c)(3), and thus, his conviction for Counts Two and Four must be vacated. Although Oliver was not sentenced pursuant to ACCA, he asserted that the residual clause of § 924(c) is materially indistinguishable from the ACCA residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) that the Supreme Court in *Johnson* struck down as unconstitutionally vague. As explained below, Oliver's challenge to Count Four lacks merit, but recent decisions from the Supreme Court and the Fourth Circuit support Oliver's challenge to Count Two where his firearm conviction was predicated upon conspiracy to commit Hobbs Act robbery.

---

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the Residual Clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

3

### A. Oliver's Challenge to Count Four Lacks Merit

Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. *Id.* § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. *Id.* § 924(c)(1)(A)(iii).

At the time of Oliver's conviction, the United States could demonstrate that an underlying offense constitutes a crime of violence if it established that the offense is a felony and satisfies one of two requirements. Namely, the statute defined a crime of violence as any felony:

> **(A)** [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

*Id.* § 924(c)(3). The Supreme Court recently invalidated the Residual Clause. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) (holding that "§ 924(c)(3)(B) is unconstitutionally vague"). Nevertheless, as explained below, attempted Hobbs Act robbery qualifies as a crime of violence under the Force Clause.

A defendant is guilty of Hobbs Act robbery if he or she "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery

4

... or attempts or conspires so to do . . . ." 18 U.S.C. § 1951(a). The statute defines "robbery" as

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his [or her] will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his [or her] person or property, or property in his [or her] custody or possession, or the person or property of a relative or member of his [or her] family or of anyone in his [or her] company at the time of the taking or obtaining.

*Id.* § 1951(b)(1). The Fourth Circuit has not reached the issue of whether Hobbs Act robbery satisfies the Force Clause. Nevertheless, as this Court has previously concluded, a defendant "who commits Hobbs Act robbery by 'fear of injury' necessarily commits it by 'fear of physical force.'" *United States v. Standberry*, 139 F. Supp. 3d 734, 738 (E.D. Va. 2015) (citation omitted). This is because "[f]ear is the operative element facilitating the taking," and "any act or threatened act which engenders a fear of injury implicates force and potential violence." *Id.* at 739 (citing *United States v. Castleman*, 572 U.S. 157, 172 (2014); *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004)); *see also Castleman*, 572 U.S. at 174 (Scalia, J. concurring) ("[I]t is impossible to cause bodily injury without using force 'capable of' producing that result."). Put simply, common sense dictates that any "fear of injury" flows from the fear of physical force. Accordingly, consistent with this Court's earlier decisions, *see Standberry*, 139 F. Supp. 3d at 740, and decisions of many courts of appeal,[3] the Court finds that Hobbs Act robbery constitutes a categorical crime

---

[3] *See, e.g., United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Rivera*, 847 F.3d 847, 848–49 (7th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 275 (5th Cir. 2017); *United States v. Robinson*, 844 F.3d 137, 140–41 (3d Cir. 2016); *United States v. Moreno*, 665 F. App'x 678, 681 (10th Cir. 2016); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016).

of violence.

For similar reasons, the attempted Hobbs Act robbery charged in Count Three serves as a valid basis for the § 924(c) violation charged in Count Four. *See United States v. St. Hubert*, 909 F.3d 335, 351 (11th Cir. 2018). As the United States Court of Appeals for the Eleventh Circuit explained:

> Like completed Hobbs Act robbery, attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause because that clause expressly includes "attempted use" of force. Therefore, because the taking of property from a person against his will in the forcible manner required by § 1951(b)(1) necessarily includes the use, attempted use, or threatened use of physical force, then by extension the attempted taking of such property from a person in the same forcible manner must also include at least the "attempted use" of force.

*Id.* (emphasis omitted) (citations omitted); *see Hill v. United States*, 877 F.3d 717, 719 (7th Cir. 2017) ("When a substantive offense would be a violent felony under § 924(e) and similar statutes, an attempt to commit that offense also is a violent felony."). Thus, the attempted Hobbs Act robbery charged in Count Three can therefore serve as the basis for the § 924(c) charge in Count Four.

As discussed below, the Fourth Circuit's recent decision in *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) does not alter the conclusion that Count Four is predicated on a valid crime of violence under the force clause of § 924(c)(3)(A). Nevertheless, as the Government concedes, "Count 2 must be vacated, because conspiracy to commit Hobbs Act robbery is not a valid predicate under *Simms*." (ECF No. 249, at 5.)

6

## B. Count Two Will Be Vacated

In *Simms*, the defendant pled guilty to conspiracy to commit Hobbs Act robbery and to brandishing a firearm during and in relation to a "crime of violence," but later challenged his brandishing conviction on the theory that Hobbs Act conspiracy could not be considered a "crime of violence" under 18 U.S.C. § 924(c)(3). 914 F.3d at 232–33. Initially, the parties and the Fourth Circuit agreed that,

> conspiracy to commit Hobbs Act robbery—does not categorically qualify as a crime of violence under the [Force Clause], as the United States now concedes. This is so because to convict a defendant of this offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act. Such an agreement does not invariably require the actual, attempted, or threatened use of physical force.

*Id.* at 233–34 (citations to the parties' material omitted). Thereafter, the Fourth Circuit concluded that the Residual Clause of § 924(c) is void for vagueness. *Id.* at 236; *accord United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) (holding that "§ 924(c)(3)(B) is unconstitutionally vague").[4] Thus, as the Government concedes, the conspiracy to commit Hobbs Act robbery cannot serve as valid predicate crime of violence for the § 924(c) charge in Count Two. Accordingly, Oliver's conviction on Count Two will be vacated. The matter will be set for a resentencing.

---

[4] As explained above, unlike conspiracy to commit Hobbs Act robbery, attempted Hobbs Act robbery is a valid crime of violence under the Force Clause because it invariably requires the actual, attempted, or threatened use of physical force. *St. Hubert*, 909 F.3d at 351.

## III. Conclusion

The Government's Motion to Dismiss (ECF No. 220) will be denied as the Government concedes Oliver's entitlement to relief. The § 2255 Motion (ECF No. 216) will be granted in part and denied in part. Oliver's conviction and sentence on Count Two will be vacated. The matter will be set for a resentencing. In light of the authority cited in Oliver's Motion to Stay, the Court will grant Oliver a certificate of appealability upon the conclusion of the resentencing. Nevertheless, Oliver's Motions to Stay (ECF Nos. 228, 252) will be denied. As the Court has appointed counsel for Oliver, his motion for the appointment of counsel (ECF No. 247) will be denied.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: July 30, 2015
Richmond, Virginia